Norman C. Kleinberg
Theodore V. H. Mayer
William J. Beausoleil
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

*Attorneys for Defendant Merck & Co., Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------x
IN RE:                                              :
Fosamax Products Liability Litigation               :          1:06-md-1789 (JFK)
                                                    :
-----------------------------------------------------x
This Document Relates to:                           :          ANSWER AND AFFIRMATIVE
Gwen Witten                                         :          DEFENSES OF MERCK
v. Merck & Co., Inc.                                :          & CO., INC.;
                                                    :          DEMAND FOR JURY TRIAL
Case No: 1:08-cv-1017-JFK                            :
-----------------------------------------------------x
```

Defendant, Merck & Co., Inc. ("Merck"), by and through its undersigned

attorneys, hereby answers the Complaint.  Merck denies all allegations set forth in the

Complaint except to the extent such allegations are specifically admitted below:

## **INTRODUCTION**

1)      Merck denies each and every allegation of Paragraph 1, except that Merck

admits that Plaintiff purports to bring a proceeding seeking damages for personal injuries

and that Merck manufactured, marketed, and distributed the prescription medicine

FOSAMAX® for prescription in accordance with its approved prescribing information.

2)      Merck denies each and every allegation of Paragraph 2.

3)      Merck denies each and every allegation of Paragraph 3.

4)      Merck denies each and every allegation of the first sentence of Paragraph 4, except states that is it without knowledge as to whether Plaintiff was prescribed or ingested FOSAMAX®.  The allegations of the second sentence of Paragraph 4 are conclusions of law to which no response is required; to the extent that a response is deemed necessary, the allegations are denied and Merck respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

5)      Merck denies each and every allegation of Paragraph 5.

6)      Merck denies each and every allegation of Paragraph 6.

### JURISDICTION AND VENUE

7)      The allegations of the first and second sentences of Paragraph 7 are conclusions of law as to which no response is required.  To the extent a response is required, Merck denies each and every allegation of said sentences, except that for jurisdictional purposes only, admits that the amount in controversy exceeds $75,000.00. With respect to the allegations of the third sentence of Paragraph 7, Merck is without knowledge as to what is meant by the phrase "regularly conducts," so the allegations of said sentence are denied.

8)      The allegations of Paragraph 8 are conclusions of law to which no response is required.  To the extent a response is required, Merck denies the allegations of Paragraph 8, except that Merck admits that pursuant to Section 4 of Case Management Order No. 3 entered by Judge John F. Keenan on November 1, 2006, this action may be filed directly in the Southern District of New York.  Merck reserves all rights under Section 4 of Case Management Order No. 3 and respectfully refers the Court to the relevant Case Management Order.

## PARTIES

9)      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 9.

10)      Merck denies each and every allegation of Paragraph 10, except that it admits that Merck is a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey.

11)      Merck denies each and every allegation of Paragraph 11, except that it admits that Merck manufactured, marketed, and distributed certain pharmaceutical products including the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

## FACTUAL BACKGROUND

12)      Merck denies each and every allegation of Paragraph 12, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information. Merck denies any allegations in Paragraph 12 inconsistent with that prescribing information and respectfully refers the Court to the Physicians' Desk Reference ("PDR") for FOSAMAX® for its actual language and full text.

13)      Merck denies each and every allegation of Paragraph 13, except that Merck admits that it sought and, in 1995, first obtained FDA approval to manufacture and market FOSAMAX® 10 mg and FOSAMAX® 40 mg tablets, a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information. Merck denies any allegations in Paragraph 13 inconsistent with that prescribing information.

14)    Merck admits only that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information and denies any allegations in Paragraph 14 inconsistent with that prescribing information.  Merck also refers the Court to the prescribing information for Aredia and Zometa, and denies any allegations in Paragraph 14 with respect to Aredia and Zometa inconsistent with that prescribing information.

15)    Merck admits only that some bisphosphonates contain nitrogen and some do not and that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.  Merck denies any allegations in Paragraph 15 inconsistent with that prescribing information.  Merck respectfully refers the Court to the PDR for FOSAMAX® for its actual language and full text.  Merck also refers the Court to the prescribing information for Aredia, Bondronat, Actonel, Didronel, Bonefos, Loron, and Skelid, and denies any allegations in Paragraph 15 with respect to Aredia, Bondronat, Actonel, Didronel, Bonefos, Loron, and Skelid inconsistent with that prescribing information.  Merck denies the remaining allegations of Paragraph 15.

16)    Merck denies each and every allegation of Paragraph 16.

17)    Merck denies each and every allegation of Paragraph 17.

18)    Merck denies each and every allegation of Paragraph 18.

19)    Merck denies each and every allegation of Paragraph 19.

20)    Merck denies each and every allegation of Paragraph 20.

21)    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21.

22)      Merck denies each and every allegation of Paragraph 22.

23)      Merck denies each and every allegation of Paragraph 23, except that Merck admits that the FDA drafted an "ODS Postmarketing Safety Review," but respectfully refers the Court to said document for its actual language and full text.

24)      Merck denies each and every allegation of Paragraph 24.

25)      Merck denies each and every allegation of Paragraph 25.

26)      Merck is without knowledge as to whether Plaintiff was prescribed FOSAMAX®.  Merck denies the remaining allegations in Paragraph 26.

27)      Merck denies each and every allegation of Paragraph 27.

28)      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 28.

29)      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 29.

30)      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 30.

31)      Merck denies each and every allegation of Paragraph 31.

32)      Merck denies each and every allegation of Paragraph 32.

33)      Merck denies each and every allegation of Paragraph 33.

**EQUITABLE TOLLING OF APPLICABLE STATUTES OF LIMITATIONS**

34)      Merck denies each and every allegation of Paragraph 34.

35)      Merck denies each and every allegation of Paragraph 35.

36)      Merck denies each and every allegation of Paragraph 36.

37)      Merck denies each and every allegation of Paragraph 37.

## COUNT I
## NEGLIGENCE

38)     Merck repleads its answers to all other paragraphs of the Complaint, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

39)     Merck denies each and every allegation of Paragraph 39, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

40)     Merck denies each and every allegation of Paragraph 40.

41)     Merck denies each and every allegation of Paragraph 41.

42)     The allegations of Paragraph 42 are conclusions of law to which no response is required.  To the extent a response is required, Merck denies the allegations of Paragraph 42 and respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

43)     Merck denies each and every allegation of Paragraph 43, including each and every allegation contained in subparts (a) through (i).

44)     Merck denies each and every allegation of Paragraph 44.

45)     Merck denies each and every allegation of Paragraph 45.

46)     Merck denies each and every allegation of Paragraph 46.

47)     Merck denies each and every allegation of Paragraph 47.

48)     Merck denies each and every allegation of Paragraph 48.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

## COUNT II
## FRAUDULENT MISREPRESENTATION

49)     Merck repleads its answers to all other paragraphs of the Complaint, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

50)     Merck denies each and every allegation of Paragraph 50, including each and every allegation contained in subparts (a) and (b).

51)     Merck denies each and every allegation of Paragraph 51.

52)     Merck denies each and every allegation of Paragraph 52.

53)     Merck denies each and every allegation of Paragraph 53.

54)     Merck denies each and every allegation of Paragraph 54.

55)     Merck denies each and every allegation of Paragraph 55.

56)     Merck denies each and every allegation of Paragraph 56.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

## COUNT III
## FRAUDULENT CONCEALMENT

57)     Merck repleads its answers to all other paragraphs of the Complaint, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

58)     Merck denies each and every allegation of Paragraph 58, including each and every allegation contained in subparts (a) and (b).

59)     Merck denies each and every allegation of Paragraph 59.

60)    Merck denies each and every allegation of Paragraph 60.

61)    Merck denies each and every allegation of Paragraph 61.

62)    Merck denies each and every allegation of Paragraph 62.

63)    Merck denies each and every allegation of Paragraph 63.

64)    Merck denies each and every allegation of Paragraph 64.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

## COUNT IV
## PRODUCTS LIABILITY – FAILURE TO ADEQUATELY WARN

65)    Merck repleads its answers to all other paragraphs of the Complaint, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

66)    The allegations of Paragraph 66 are conclusions of law to which no response is required.  To the extent a response is required, Merck denies the allegations of Paragraph 66 and respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

67)    Merck denies each and every allegation of Paragraph 67.

68)    Merck denies each and every allegation of Paragraph 68.

69)    Merck denies each and every allegation of Paragraph 69, including each and every allegation contained in subparts (a) through (e).

70)    Merck denies each and every allegation of Paragraph 70.

71)    Merck denies each and every allegation of Paragraph 71.

72)    Merck denies each and every allegation of Paragraph 72.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

### COUNT V
### PRODUCTS LIABILITY – DESIGN DEFECT

73)    Merck repleads its answers to all other paragraphs of the Complaint, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

74)    Merck denies each and every allegation of Paragraph 74.

75)    Merck denies each and every allegation of Paragraph 75.

76)    Merck denies each and every allegation of Paragraph 76.

77)    Merck denies each and every allegation of Paragraph 77.

78)    Merck denies each and every allegation of Paragraph 78.

79)    Merck denies each and every allegation of Paragraph 79.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

### COUNT VI
### BREACH OF EXPRESS WARRANTY

80)    Merck repleads its answers to all other paragraphs of the Complaint, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

81)    Merck denies each and every allegation of Paragraph 81, and respectfully refers the Court to the FDA-approved prescribing information for any and all

representations contained therein.  Merck further avers that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.

82)    Merck denies each and every allegation of Paragraph 82.

83)    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 83.

84)    Merck denies each and every allegation of Paragraph 84.

85)    Merck denies each and every allegation of Paragraph 85.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

## COUNT VII
## BREACH OF IMPLIED WARRANTY

86)    Merck repleads its answers to all other paragraphs of the Complaint, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

87)    Merck denies each and every allegation of Paragraph 87, and respectfully refers the Court to the FDA-approved prescribing information for any and all representations contained therein.  Merck further avers that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.

88)    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 88.

89)    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 89.

90)    Merck denies each and every allegation of Paragraph 90.

91)    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 91.

92)    Merck denies each and every allegation of Paragraph 92.

93)    Merck denies each and every allegation of Paragraph 93.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

## COUNT VIII
## UNJUST ENRICHMENT

94)    Merck repleads its answers to all other paragraphs of the Complaint, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

95)    Merck denies each and every allegation of Paragraph 95.

96)    Merck denies each and every allegation of Paragraph 96.

97)    Merck denies each and every allegation of Paragraph 97.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

## PUNITIVE AND/OR EXEMPLARY DAMAGES

98)    Merck denies each and every allegation of Paragraph 98.

## PRAYER FOR RELIEF

Merck denies that Plaintiff is entitled to any of the relief requested in her Prayer for Relief.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following affirmative defenses should be available to Merck in this matter.  Merck, therefore, asserts said affirmative defenses in order to preserve the right to assert them.  Upon completion of discovery, and if the facts warrant, Merck may withdraw any of these affirmative defenses as may be appropriate.  Further, Merck reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds.  Further answering and by way of additional defense, Merck states as follows:

## FIRST AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of FOSAMAX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were cause in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative fault and/or negligence.

## NINTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only sustained after Plaintiff knowingly, voluntarily, and willfully

assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any medicine or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### TENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of FOSAMAX®.

### TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under the applicable state law because FOSAMAX® was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused the injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages, such claim is barred because FOSAMAX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of FOSAMAX® and any other medicine or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts:  Products Liability.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of FOSAMAX®.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by failure to mitigate damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

With respect to each and every cause of action, Plaintiff is not entitled to recovery for strict liability because Plaintiff cannot state claims founded in strict liability because,

among other things, comments j and k to Section 402A of the Restatement (Second) of Torts relegates Plaintiff's claims to a negligence cause of action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a government agency. Therefore, Plaintiff's claims pertaining to unfair or deceptive practices are barred.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

With respect to each and every cause of action, Plaintiff is not entitled to recover because if the product involved was unsafe, which Merck denies, then it was unavoidably unsafe as defined in Restatement of Torts. The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States, Georgia, and New York Constitutions.

## THIRTIETH AFFIRMATIVE DEFENSE

The public interest in the benefit and availability of the product which is the subject matter of this action precludes liability for risks, if any, resulting from any activities undertaken by Defendant, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiff's

claims, if it is determined there is a risk inherent in the product which is the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

At all times relevant herein, any product which is the subject matter of this action manufactured and distributed by Merck in any state in the United States was manufactured and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained an ascertainable loss of property or money.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any actual injury or damages.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of economic loss.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

This case is more appropriately brought in a different venue as defined in 28

U.S.C. §1404(a).

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

This case is subject to dismissal and/or transfer to another venue pursuant to 28

U.S.C. §1406(a).

## THIRTY-NINTH AFFIRMATIVE DEFENSE

This case is subject to dismissal or stay on the grounds of *forum non conveniens.*

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are not pleaded with the required particularity.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot recover for the claims asserted because Plaintiff has failed to

comply with the conditions precedent necessary to bring this action and/or each particular

cause of action asserted by Plaintiff.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of warranty are barred because Plaintiff did not rely

on such warranties and the claims are otherwise barred for lack of timely notice, lack of

privity and/or because the alleged warranties were disclaimed.

## FORTY-THIRD AFFIRMATIVE DEFENSE

An asymptomatic plaintiff lacks standing because she has suffered no damages

and no injury-in-fact.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Final Rule, Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products, FDA Docket No. 2000N-1269 (January 24, 2006).

## FORTY-FIFTH AFFIRMATIVE DEFENSE

The substantive law of Georgia applies to Plaintiff's claims.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Merck avers that the Georgia statute respecting award of punitive damages, particularly O.C.G.A. § 51-12-5.1, subsection (e)(1) as contrasted to subsections (f) and (g) thereof, whereby no limitation is provided respecting actions involving products, but there is a limitation for other actions than products, violates the Constitution of the United States, particularly in that it affords products manufacturers, such as Merck, equal protection of the laws.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Pursuant to O.C.G.A. § 51-12-5.1, only one award of punitive damages may be recovered in the State of Georgia from Merck arising from product liability of a single product.

_____

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of

its Answer to assert any and all pertinent liability defenses ascertained through further

investigation and discovery.

Merck will rely on all defenses that may become available during discovery or

trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's

Complaint with prejudice and awarding Merck such other and further relief that the Court

may deem just and proper.

## **JURY DEMAND**

Merck demands a trial by jury as to all issues so triable.

DATED:          New York, New York
                March 6, 2008

                                        Respectfully submitted,

                                        HUGHES HUBBARD & REED LLP


                                        By:_____/s/_____
                                            Norman C. Kleinberg
                                            Theodore V. H. Mayer
                                            William J. Beausoleil

                                        One Battery Park Plaza
                                        New York, New York 10004-1482
                                        (212) 837-6000
                                        beausole@hugheshubbard.com

                                        *Attorneys for Defendant Merck & Co., Inc.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of March, 2008, I caused a copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF MERCK & CO., INC. to be served via first-class mail, postage prepaid, on the following:

> THE MILLER FIRM, LLC
> Michael J. Miller
> 108 Railroad Avenue
> Orange, VA 22960

The above addresses have appeared on the prior papers in this action as the office address of the attorneys for Plaintiff.

Deponent is over the age of 18 years and not a party to this action.

I further certify under penalty of perjury that under the laws of the United States of America the foregoing is true and correct.

Executed on March 6, 2008

_____/s/_____

Shawn McEnnis